IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>  Plaintiff,  )<br>  )<br> v.  )<br>  )<br>DALE GAVER,  )<br>  )<br>  Defendant.  )<br>  ) | 8:04CR435<br><br>MEMORANDUM AND ORDER |

This matter is before the court on defendant's objections, Filing No. 27, to the report and recommendation ("R&R") of the magistrate judge, Filing No. 26. Defendant moved to suppress, Filing No. 13, evidence seized after the police executed a no-knock warrant. Defendant alleges that the evidence obtained violated his Fourth Amendment rights. The magistrate judge recommended denial of the defendant's motion to suppress.

Pursuant to 28 U.S.C. § 636(b)(1)(A), the court has conducted a de novo determination of those portions of the R&R to which the defendant objects. *United States v. Lothridge*, 324 F. 3d 599, 600-01 (8th Cir. 2003). The court has reviewed the record including the transcript of the suppression hearing held on March 9, 2005 ("Tr."), Filing No. 25, the briefs, objections, and the relevant case law. The court finds that the report and recommendation of the magistrate should be adopted as hereinafter discussed.

The magistrate set forth detailed findings of facts in his R&R. Consequently, the court shall briefly summarize the facts as they are relevant to the discussion herein. In July 2004, an informant told the Omaha Police Department that the defendant was heavily involved in drug distribution at a home located near 50th and Leavenworth Streets. The

informant had recently been in the home of the defendant and had observed drugs, rifles and handguns. A couple of weeks later, Omaha police arrested a Steven Jordan. Jordan told officers that he purchased methamphetamine from a "Dale" who lived at 50th and Leavenworth Streets. The officers then went to "Dale's" residence where Jordan identified Dale Gaver and the house to the officers. The officers also determined that defendant Gaver had outstanding felony and misdemeanor warrants for failure to appear and had been arrested for possession of methamphetamine. Further, Gaver had been released on bond. The officers then submitted an application and affidavit for a search warrant, and the state court judge granted and signed the request for a no-knock warrant. The only question before the court is whether a no-knock warrant should have issued.

The Fourth Amendment to the Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" *Wilson v. Arkansas*, 514 U.S. 927, 931 (1995) (citing the U.S. Const. amend. IV). The reasonableness of a search may depend, in part, on whether law-enforcement officers knocked and announced their presence before entering. The court stated:

> [W]e have little doubt that the Framers of the Fourth Amendment thought that the method of an officer's entry into a dwelling was among the factors to be considered in assessing the reasonableness of a search or seizure. . . . [W]e hold that in some circumstances an officer's unannounced entry into a home might be unreasonable under the Fourth Amendment.

*Id.* at 934. The Fourth Amendment does under some circumstances permit no-knock searches. However, it requires that the searching officers justify "dispensing with the knock-and-announce requirement." *Richards v. Wisconsin*, 520 U.S. 385, 394 (1997).

> Police officers can justify a no-knock entry if they show they had a reasonable suspicion that knocking and announcing their presence under the particular circumstances would threaten officer safety, be futile, or inhibit the

> investigation of the crime. *Id.* at 394. This showing is "not high," but is one that the police must still make when the defendant challenges the reasonableness of a no-knock search. *Id.* at 394-95. Although drug investigations frequently pose unique threats to officer safety and the effective preservation of evidence, the Fourth Amendment forbids a blanket exception to the knock-and-announce requirement in drug cases. *Id.* at 394. *United States v. Moore*, 956 F.2d 843, 850 (8th Cir. 1992). The government must still meet its not-high burden of showing that it had a reasonable suspicion that knocking and announcing would be "'dangerous or futile, or . . . would inhibit the effective investigation of the crime.'" *Banks*, 540 U.S. at — (*quoting Richards*, 520 U.S. at 394, 117 S. Ct. 1416) (alteration in original).

*United States v. Scroggins*, 361 F.3d 1075, 1081 (8th Cir. 2004).

> The reasonable suspicion standard, of course, is lower than the probable cause standard. When determining whether reasonable suspicion exists, courts must evaluate the totality of the circumstances to determine whether the police officers had a particularized and objective basis for their conclusion. *United States v. Arvizu*, 534 U.S. 266, 273, 122 S. Ct. 744, 151 L.Ed.2d 740 (2002). "This process allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them." *Id.*

*Id.* at 1081. Although the Eighth Circuit has held that "a 'reasonable belief that firearms may have been within the residence, standing alone, is clearly insufficient' to justify excusing the knock and announce requirement,'" *United States v. Murphy*, 69 F.3d 237, 243 (8th Cir. 1995) (*quoting United States v. Marts*, 986 F.2d 1216, 1218 (8th Cir.1993)), the State of Nebraska permits no-knock warrants to prevent the destruction of drugs. *United States v. Moore*, 956 F.2d 843, 848 (8th Cir. 1992); *State v. Meyer*, 311 N.W.2d 520, 524 (Neb. 1981); Neb. Rev. Stat. § 29-411.

The Eighth Circuit has further stated, "'the practice of allowing magistrates to issue no-knock warrants seems entirely reasonable when sufficient cause to do so can be demonstrated ahead of time.'" *Scroggins*, 361 F.3d at 1082 (citing *Richards v. Wisconsin*, 520 U.S. 385, 396 n.7 (1997)). It is clear that the officers asking for the warrant must

3

justify their request for a no-knock warrant at the time it is presented to the state court judge. *Id.* at 1081. Nebraska permits a judge to issue a no-knock warrant on **proof** of destruction of property or danger to persons if notice of entry is given. Neb. Rev. Stat. § 29-411 (1995).

The initial question before the court is whether the issuing judge correctly determined that sufficient exigent circumstances had been alleged to justify the no-knock warrant. There is nothing in the affidavit that would lead one to believe that officers feared for their safety or that officers believed the drugs would be destroyed. The testimony elicited at the suppression hearing shows that the state judge received no additional information at the time the officer presented the affidavit. Consequently, the court concludes that the officers did not provide sufficient justification for the issuance of a no-knock warrant. However, the court's inquiry does not end with this finding.

If the judge is wrong, the police can rely on the good-faith exception set forth in *United States v. Leon*, 468 U.S. 897 (1984); *United States v. Tisdale*, 195 F.3d 70, 72 (2nd Cir. 1999) ("[T]he issuance of a warrant with a no-knock provision potentially insulates the police against a subsequent finding that exigent circumstances, as defined in *Richards*, did not exist.") (cited in *Scroggins,* 361 F.3d at 1081). The question then becomes whether the *Leon* good-faith exception would permit the officers to reasonably rely on an arguably deficient warrant. *Leon*, 468 U.S. at 920-21. In general, an officer is entitled to rely on the warrant issuing judge unless the officer should know that the warrant is defective. *Id.* However, a bare-bones affidavit has been held to be deficient so as to not support the warrant, and thus, an officer's reliance on a deficient warrant will not be upheld. *United States v. Tavares*, 223 F.3d 911, 917 (8th Cir. 2000); *Leon*, 468 U.S. at 923. Although this

is a close case, sufficient circumstances existed to permit the officers to rely on this warrant. First, the informant saw guns and drugs in the residence within a few days of the issuance of the search warrant. Second, Jordan likewise saw drugs in the defendant's home shortly before the warrant issued. Third, the officers determined that defendant had outstanding felony and misdemeanor warrants and had been previously arrested for possession of methamphetamine. As stated in *Scroggins*, "The good-faith exception is perfectly suited for cases like this, when the judge's decision was borderline." *Scroggins*, 361 F.3d at 1084. *See also United States v. Moore*, 956 F.2d 843, 850-51 (8th Cir. 1992). The decision in this case to issue the warrant was not supported by the required showing. However, the officers could have reasonably relied upon the content of the warrant and could have concluded the warrant was valid. This is a very close question and one that should not be taken lightly. It is imperative that police officers communicate appropriate information to the issuing judge that supports no-knock entry into a dwelling.

THEREFORE, IT IS ORDERED:

1. Defendant's motion to suppress, Filing No. 13, is denied;

2. Defendant's objections, Filing No. 27, to the report and recommendation of the magistrate are overruled; and

3. The magistrate's report and recommendation, Filing No. 26, is adopted as set forth herein.

DATED this 2nd day of June, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge